**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6777**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KARTARIE SAHNDAL PRINCE LEAKE, a/k/a Kartari Miller,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, Chief District Judge.  (4:11-cr-00417-TLW-6; 4:17-cv-01061-TLW)

Submitted: January 30, 2018                     Decided:  February 1, 2018

Before MOTZ and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Kartarie Sahndal Prince Leake, Appellant Pro Se.  Alfred William Walker Bethea, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kartarie Sahndal Prince Leake appeals the district court's order construing his Fed. R. Civ. P. 60(b) motion as an unauthorized successive 28 U.S.C. § 2255 (2012) motion and dismissing it on that basis. A certificate of appealability is not required in order for us to address the district court's jurisdictional categorization of a "Rule 60(b) motion as an unauthorized successive habeas petition." *United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015).

We have reviewed the record and conclude that the district court correctly determined that Leake's motion was not a "true 60(b) motion" but was, in substance, a successive § 2255 motion. *See id.* at 397-400. We therefore hold that the district court correctly determined that, in the absence of prefiling authorization, it lacked jurisdiction to consider the successive § 2255 motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h) (2012). Accordingly, although we grant leave to proceed in forma pauperis, we affirm the district court's judgment.

Additionally, we construe Leake's notice of appeal and informal brief as an application to file a successive § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

2

28 U.S.C. § 2255(h).  Leake's claims do not satisfy either of these criteria.  Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*